# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., <br>     Plaintiffs, <br><br> v. <br><br> CEPHALON, INC., et al., <br>     Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-1797 |
| VISTA HEALTHPLAN, INC., et al., <br>     Plaintiffs, <br><br> v. <br><br> CEPHALON, INC., et al., <br>     Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-1833 |
| APOTEX, INC., <br>     Plaintiff, <br><br> v. <br><br> CEPHALON, INC., et al., <br>     Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-2768 |
| FEDERAL TRADE COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> CEPHALON, INC., <br>     Defendant. | CIVIL ACTION <br><br><br> No. 2:08-cv-2141 |

## ORDER

**AND NOW**, this 30th day of July, 2009, after a status conference, it is hereby **ORDERED** that:

1. For purposes of clarity and simplicity, the four (4) consolidated cases before the Court will be referred to as:[1]

    - *King Drug Company of Florence, Inc. v. Cephalon, Inc., et al.*, 2:06-cv-1797 - **The King Drug Direct Purchaser Class Action**;

    - *Vista Healthplan, Inc. v. Cephalon, Inc., et al.*, 2:06-cv-1833 - **The Vista Healthplan End Payor Class Action**;

    - *Apotex, Inc. v. Cephalon, Inc., et al.*, 2:06-cv-2768 - **The Apotex Litigation**; and

    - *Federal Trade Commission v. Cephalon, Inc.*, 2:08-cv-2141 - **The F.T.C. Litigation**;

2. All pending motions to dismiss[2] are **DENIED** without prejudice;

---

[1] The characterization of these cases will be used throughout the course of this litigation.

[2]
In The King Drug Direct Purchaser Class Action, these motions are:

- "Defendant Cephalon, Inc.'s Motion to Dismiss" (doc. no. 44);
- "Barr, Mylan, Ranbaxy, and Teva's Motion to Dismiss the Direct Purchaser Class Action Complaint and the End-Payor Class Action Complaint" (doc. no. 49); and
- "Defendant Cephalon Inc.'s Motion to Strike Direct Purchaser Class Plaintiffs' Sur-Reply to Defendants' Motion to Dismiss or, in the Alternative, for Leave to File Response" (doc. no. 81).

In The Vista Healthplan End Payor Class Action, these motions are:

- "Defendant Cephalon, Inc.'s Motion to Dismiss the Consolidated Class Action Complaint" (doc. no. 26); and
- "Barr, Mylan, Ranbaxy, and Teva's Motion to Dismiss the Direct Purchaser Class Action Complaint and the End-Payor Class Action Complaint" (doc. no. 27).

In The Apotex Litigation, these motions are:

3. On or before August 9, 2009, Plaintiffs in The King Drug Direct Purchaser Class Action may file a consolidated amended complaint;

4. On or before August 9, 2009, Plaintiffs in The Vista Healthplan End Payor Class Action may file a consolidated amended complaint;

5. On or before August 29, 2009, Defendant Cephalon may file a single motion to dismiss in each of the following cases: The King Drug Direct Purchaser Class Action, The Vista Healthplan End Payor Class Action, The Apotex Litigation, and The F.T.C. Litigation;

6. On or before August 29, 2009, the generic Defendants (Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd., and Ranbaxy Pharmaceuticals, Inc.) may file one (1) consolidated motion to dismiss in each of the following cases: The King Drug Direct Purchaser Class Action, The Vista Healthplan End Payor Class Action, and The Apotex Litigation;

---

- "Motion of Mylan Laboratories, Inc. to Dismiss the Apotex Complaint" (doc. no. 26);
- "Barr, Ranbaxy, and Teva's Motion to Dismiss the Complaint" (doc. no. 27);
- "Defendant Cephalon, Inc's Motion to Dismiss and to Strike" (doc. no. 31);
- "Defendant Cephalon, Inc.'s Motion for Leave to File a Supplemental Memorandum in Support of Its Motion to Dismiss Count IV (Patent Misuse) of the Complaint" (doc. no. 128); and
- "Defendant Cephalon, Inc.'s Motion to Dismiss the Declaratory Judgment Complaint Relating to the '346 Patent" (doc. no. 142).

In The F.T.C. Litigation, that motion is:

- Defendant Cephalon, Inc.'s Motion to Dismiss (doc. no. 17 on docket 1:08-cv-244 in the United States District Court for the District of Columbia).

7. On or before September 12, 2009, Plaintiffs in each of the above-referenced cases may file one (1) collective response in opposition to each motion to dismiss;

8. To the extent that any individual Plaintiff deems it necessary to file a separate response, that Plaintiff must first seek leave of Court to do so. Such request may be made by correspondence to the Court, not to exceed four (4) pages, which sets forth the reasons why a separate response is necessary;

9. All motions to dismiss and responses thereto are limited to fifty (50) pages, double spaced;

10. No replies, sur-replies, notices of recently decided federal authority, or correspondence to the Court regarding substantive issues pertaining to the motions to dismiss will be accepted;

11. Counsel are strongly encouraged not to file exhibits to and/or declarations in support of the motions to dismiss. See In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (the court can only consider "certain narrowly defined types of materials outside the pleadings" such as "a document integral to or explicitly relied upon in the complaint," without having to convert a motion to dismiss to a motion for summary judgment); and

12. Oral argument on the motions to dismiss will be held as follows:

    - The King Drug Direct Purchaser Class Action on Wednesday, October 21, 2009, at 10:00 a.m.;

    - The Vista Healthplan End Payor Class Action on Wednesday, October 21, 2009, at 2:00 p.m.;

    - The Apotex Litigation on Thursday, October 22, 2009, at 10:00 a.m.; and

- The F.T.C. Litigation on Thursday, October 22, 2009, at 2:00 p.m.

Counsel should contact Chambers at (267) 299-7500, the day prior, for courtroom assignment.

BY THE COURT:

_____
Mitchell S. Goldberg, J.