IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CEPHALON | : | No. 08-2141 |

# ORDER

AND NOW, this 28th day of February, 2011, having considered Defendant Cephalon's Motion to Compel Documents From Plaintiff Federal Trade Commission ("FTC") (Doc. 84), Plaintiff FTC's Response (Doc. 96), and Generic Defendants' Response (Doc. 90); the Notice of Direct Purchaser Plaintiffs' Position (Doc. 122); Third Party Pharmaceutical Companies' Motion to Intervene (Doc. 87) and Defendant Cephalon's Response (Doc. 123); and Third Party Pharmaceutical Companies' Motion for Protective Order (Doc. 88), Defendant Cephalon's Response (Doc. 124), the Companies' Reply (Doc. 139), and the FTC's Reply (Doc. 140), is it hereby ORDERED that:

    1. Defendant's Motion to Compel (Doc. 84) is DENIED.[1] It is further ORDERED that Plaintiff FTC is not precluded from citing the publicly-available studies at issue: *Generic Drug Entry Prior to Patent Expiration: An FTC Study* or *Pay for Delay: How Drug Company Pay-Offs Cost Consumers Billions.*

---

[1] The Court finds the parties' written submissions sufficient to render a decision regarding Defendant Cephalon's Motion to Compel. Therefore, the Court declines to hold oral argument, which was tentatively scheduled for March 4, 2011.

The FTC has stipulated that it "[h]as no intention to offer the two studies into evidence," (Doc. 96 at 2), and that it has not provided its experts with any of the supporting documentation underlying the studies, with the exception of the Provigil agreements at issue in the present case (Doc. 96 at 12). The FTC has also agreed to disclose all materials considered by the FTC's testifying experts in accordance with the discovery schedule. (Doc. 96 at 12.)

The results of the studies listed above are accessible to the public; both parties have the ability to access and reference these publications for use in Court briefings at their discretion. And the Court finds no reason to doubt that the FTC will fully comply with Federal Rule of Civil Procedure 26(a)(2)(B)(ii), requiring disclosure of the facts or data considered by any expert witness in forming his or her opinions. Therefore, the Court will not order the disclosure of documents underlying the above studies at this time.

2. Third Party Pharmaceutical Companies' Motion to Intervene (Doc. 87) is GRANTED. Defendant Cephalon has expressed in its response that it does not oppose intervention by the movant Third Party Companies for the purpose of seeking a protective order for confidential information. (Doc. 123 at 1.) Accordingly, the Court will grant the Motion to Intervene for said purpose.

3. Third Party Pharmaceutical Companies' Motion for Protective Order (Doc. 88) is DENIED as moot, in light of the denial of Defendant's Motion to Compel.

BY THE COURT:


 /s/ L. Felipe Restrepo
L. Felipe Restrepo
United States Magistrate Judge