WILMERHALE

**James C. Burling**

+1 617 526 6416 (t)
+1 617 526 5000 (f)
james.burling@wilmerhale.com

June 17, 2015

**Via E-Mail**

The Honorable Mitchell S. Goldberg
United States District Judge
United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 4000
Philadelphia, PA 19106-1797

Re:     *FTC v. Cephalon*, No. 08-cv-2141 (MSG)

Dear Judge Goldberg:

I write on behalf of Cephalon, Inc. in response to the letters filed by the End-Payor Plaintiffs ("EPP Letter") and Apotex, Inc. ("Apotex Letter") regarding the settlement between Cephalon and the Federal Trade Commission ("FTC Settlement"). The End Payor Plaintiffs and Apotex are not parties to the FTC case or the FTC Settlement, and their letters provide no basis whatsoever for amending the lawful settlement agreement between the FTC and Cephalon. Cephalon thus asks that the Court approve the FTC Settlement at its earliest possible convenience.

Neither the EPP Letter nor the Apotex Letter even mentions the applicable legal standard for approving the FTC Settlement, much less tries to argue that the FTC Settlement does not meet the standard. As the FTC explained in its June 8 letter and Cephalon explained in its June 12 letter, the FTC Settlement as drafted is clearly lawful and procedurally proper. *See SEC v. Citigroup Global Mkts., Inc.* (Citigroup II), 752 F.3d 285, 294-5 (2d Cir. 2014). Neither the End Payor Plaintiffs nor Apotex argues otherwise. Instead, the End Payor Plaintiffs and Apotex raise points and arguments that are irrelevant to the Court's acceptance of the FTC Settlement, and are clear attempts to use an agreement to which they are not a party for their own gain. There is no basis for that in law, and the FTC Settlement should be approved.

A.     **EPP Letter**

The End Payor Plaintiffs' argument, that the "purpose" of the FTC Settlement is not accomplished because the End Payor class was not certified, makes no sense. Indeed, nothing about the FTC Settlement is contingent on what happens in any other case. The ability of the FTC and Cephalon to settle their litigation has nothing to do with the End Payor Plaintiffs' case,

WILMERHALE

June 17, 2015
Page 2

and certainly is not contingent on the ability of End Payor Plaintiffs' counsel to satisfy their burden under Rule 23. The FTC Settlement does not preclude any other party from bringing a claim, settling a claim, or litigating to judgment, nor does it require a party to take any action. Any consumer or other plaintiff that comes forward with a valid claim can attempt to reach a settlement with Cephalon, or try to obtain a judgment against Cephalon. It is then Cephalon's concern whether that settlement or judgment can be paid out of the escrow fund established as part of the FTC Settlement.

**B.      Apotex Letter**

Apotex takes the extraordinary step of seeking amendments to a settlement agreement that resolves litigation to which it is not a party. But Apotex cites no case in which a court has allowed a non-party to request an amendment to a settlement agreement, much less accepted such an amendment over the objection of the actual parties to the litigation and settlement. The arguments Apotex makes are meritless and should be rejected.

*First*, Apotex argues that the FTC Settlement should be amended so that Apotex can seek to introduce the settlement as evidence in the trial of its separate case  But it would not be proper for Apotex to use the FTC Settlement in its own case, and Apotex does not even try to argue that it could be. The prejudice of Apotex showing the jury a settlement agreement where Cephalon agreed to set up a $1.2 billion monetary fund and agree to certain prospective injunctive relief would be enormous. And there is *no* probative value, much less probative value that would outweigh this prejudice. The FTC Settlement contains no admission of liability, quite the opposite.

It is not surprising, then, that courts routinely reject requests from other parties to introduce consent decrees like the FTC Settlement as evidence in other cases. A consent decree "between a federal agency and a private corporation which is not the result of an actual adjudication of the any of the issues"—like this one—"cannot be used as evidence" in any other "litigation between that corporation and another party" because it is "the result of *private bargaining*," without any ruling "on the merits by the district court." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893–94 (2d Cir. 1976) (emphasis added); *see also Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*, 555 F. Supp. 824, 825–26 (D. Md. 1983) ("The general rule is that a consent judgment in a prior civil case, or any evidence thereof, is not admissible in a private antitrust suit."); *Centillion Data Sys. v. Ameritech Corp.*, 193 F.R.D. 550, 552 (S.D. Ind. 1999) ("Because opposing parties might settle cases for various and not necessarily mutual reasons, it cannot be assumed that terms of the settlement would be relevant to the issues of liability or damages."). The Court should likewise reject Apotex's request here. As Apotex has not provided any explanation for how it could ever properly introduce the FTC Settlement as evidence; thus there is no basis for amending the FTC Settlement.

WilmerHale

June 17, 2015
Page 3


*Second*, Apotex tries to use the FTC Settlement to gain access to information to which it clearly is not entitled—the confidential details of other settlements Cephalon reaches, including the amount of the settlement and the name of the settling party. Apotex once again cites no case in support of its extraordinary request. Instead, Apotex strains to characterize the FTC Settlement as an "insurance agreement" under Fed. R. Civ. Proc. 26(a)(1)(A)(iv). But the FTC Settlement is not an insurance agreement, as Apotex itself concedes. *See* Apotex Letter at 2; *see also* 8 Fed. Prac. & Proc. Civ. § 2010 (3d ed.) (The 1970 provisions regarding insurance agreements, which later became Rule 26(a)(1)(A)(iv), provided that "[t]he discovery regarding insurance extended only to insurance agreements. It did not permit discovery of other facts concerning a defendant's financial status, and these remained, as they had always been, ordinarily not discoverable.").[1] Nor does the FTC Settlement give rights to any other party. *See Centillion*, 550 F.R.D. at 552 ("[I]nformation is not relevant or discoverable under Rule 26(b) because it might assist a party's evaluation of whether to settle or try a case or help a party prepare negotiating strategies."). The FTC and Cephalon agreed on consideration to resolve their dispute, including the monetary fund and injunctive relief. The settlement entitles no other party—including Apotex—to anything, especially not the details of confidential settlements with other parties.

*          *          *

The FTC Settlement easily satisfies the minimal requirements for consent decrees with government agencies, (*see Citigroup II*, 752 F.3d at 294-5), and neither the End Payor Plaintiffs nor Apotex even argues to the contrary. Cephalon requests that the Court approve the FTC Settlement at its earliest convenience.

Best regards,

**/s/ James C. Burling**
James C. Burling

Cc: Discovery counsel

---

[1] The only court to have considered an argument that details of a settlement should be disclosed in light of Rule 26(a)(1)(A)(iv) has squarely rejected it. *In re AT&T Fiber Optic Cable Installation Litig.*, 2002 U.S. Dist. LEXIS 11219, *2 (S.D. Ind. June 5, 2002) (denying motion to compel production of settlement agreement with defendant and its liability insurers based on the plain language of Rule 26).